UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
|    JEFFREY LYNN BEECROFT, JR. : | |
|       Debtor : | CHAPTER 13 |
| : | |
| JACK N. ZAHAROPOULOS : | |
| STANDING CHAPTER 13 TRUSTEE : | |
|       Movant : | CASE NO. 5-24-bk-01804 |
| : | |
| JEFFREY LYNN BEECROFT, JR. : | |
|       Respondent : | |

### TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 24th day of February 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. §1322(a)(1) and §1325(b) in that the Debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and therefore avers that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

   a. Trustee objects to the following expenses as excessive:
      i. $500.00 per month for electricity, heat and gas;
      ii. $950.00 per month for food;
      iii. $150.00 per month for clothes;
      iv. $140.00 per month for personal care
      v. $200.00 per month for medical and dental expenses;
      vi. $500.00 per month for transportation; and
      vii. $375.00 per month for a "tire lease"

2. Debtor(s) Plan violates 11 U.S.C. §1325(a)(3) in that it has not been proposed in good faith. Debtor appears to be reporting income only from Albarell Electric, Inc. and not from HB Frazer and DM Electrical, LLC.

3. Statement of Financial Affairs #1 lacks description (Debtor is married).

4. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

   a. The Plan is ambiguous as to the term. The end date should be January 2030.

5. Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

   a. Debtor(s) has not provided to Trustee pay stubs for the month(s) of December 2024, January and February 2025 for all of Debtor's jobs, as well as for any from his non-filing spouse.

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

   b. Deny confirmation of Debtor(s)' Plan.
   c. Dismiss or convert Debtor(s)' case.
   d. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

2

CERTIFICATE OF SERVICE

   AND NOW, this 24th day of February 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

CHARLES LAPUTKA ESQUIRE
1344 WEST HAMILTON STREET
ALLENTOWN, PA   18102-

              /s/Tammy Life
              Office of Jack N. Zaharopoulos
              Standing Chapter 13 Trustee